728 So.2d 470 (1998)
STATE of Louisiana
v.
Jermaine SANDERS.
No. 98-KA-609.
Court of Appeal of Louisiana, Fifth Circuit.
December 16, 1998.
*471 Frederick Kroenke, Baton Rouge, for Appellant Jermaine Sanders.
Paul D. Connick, Jr., District Attorney, Rebecca J. Becker, Terry Boudreaux, Richard Bates, Assistant District Attorneys, Gretna, for Appellee State of Louisiana.
Before GAUDIN, CANNELLA and DALEY, JJ.
CANNELLA, Judge.
Defendant, Jermaine Sanders, appeals from his conviction of first degree robbery (2 counts) and his concurrent sentences of 20 years imprisonment at hard labor without benefit of parole, probation or suspension of sentence, on each count. For the reasons which follow, we affirm and remand.
On February 18, 1996, the victims, Alan Bercegeay (Bercegeay) and Mark Hirnick (Hirnick), were leaving a bar, when they were approached by a woman who asked Hirnick if he would go back inside and buy her a drink. As both men turned to look at her, a man, later identified as the defendant, emerged from behind a van. Defendant had a gun and demanded money. Defendant had a bandana over the lower part of his face. Bercegeay said that he did not have any money, but pulled out his check book and put it on the back of the car. Hirnick also said that he had no money. Defendant made Hirnick give him the leather jacket which he was wearing and he took Bercegeay's checkbook. The defendant instructed the men to go back into the bar. As they were returning to the bar, they turned and saw the defendant and the woman run across the street and get into a vehicle which another person was driving. Bercegeay got in his car and followed the getaway car. While he was following the vehicle, he testified that he saw three flashes of light which he believed to be gunshots that were fired at him from the other vehicle. Meanwhile, Hirnick entered the bar and telephoned the police. Bercegeay gave the police the license number of the getaway car. Shortly thereafter, the vehicle with the woman inside was found. The police contacted the victims to have them identify the vehicle and the woman. Both victims identified the vehicle as the getaway car and the woman as the one who had approached them in the parking lot. Later, both victims also identified the defendant in a photographic lineup as the gunman. Defendant was arrested for the offense.
Defendant was originally charged with 6 counts of armed robbery and 6 counts of attempted armed robbery. However, here, defendant was only tried on 2 counts of armed robbery. Defendant originally pled not guilty and not guilty by reason of insanity. A sanity commission was appointed and a hearing was held. The trial court found that defendant was competent to stand trial. Following a jury trial, the jury found defendant guilty of two counts of first degree robbery. Defendant was, thereafter, sentenced to 20 years imprisonment at hard labor without benefit of parole, probation or suspension of sentence on each count, to run concurrently. It is from these two convictions and sentences that defendant now appeals.
On appeal defendant assigns only one error. Defendant argues that the trial court did not properly consider the mitigating circumstances before sentencing the defendant to a constitutionally excessive sentence.[1]
*472 The Eighth Amendment to the United States Constitution and Article 1, § 20 of the Louisiana Constitution prohibit the imposition of excessive or cruel punishment. A sentence is considered excessive if it is grossly disproportionate to the offense or imposes needless and purposeless pain and suffering. State v. Lobato, 603 So.2d 739 (La.1992); State v. Munoz, 575 So.2d 848 (La.App. 5th Cir.1991), writ denied, 577 So.2d 1009 (La. 1991).
In sentencing the defendant, the trial court should state for the record the considerations taken into account and the factual basis therefor in imposing sentence. La. C.Cr.P. art. 894. 1(C). However, where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La.C.Cr.P. art. 894. 1. State v. Lanclos, 419 So.2d 475 (La.1982); State v. Tran, 97-640 (La.App. 5th Cir. 3/11/98), 709 So.2d 311.
In sentencing the defendant, the trial court stated in pertinent part:
Okay, I've considered Article 894 all of the factors in determining this sentence and I think it is more than reasonable under the circumstances and based on this defendant's record.
Defendant argues on appeal that the sentence should be set aside because there is no showing in the record that the trial court took into consideration any mitigating factors relating to this case or this defendant. More particularly, defense counsel argues that the defendant's medical and psychiatric disabilities, not apparently considered by the trial judge, mitigate against the severity of the sentence imposed.
In brief, defense counsel notes that defendant is only 24 years old. Reports by the psychiatric team who evaluated defendant indicate that he suffered a traumatic and difficult childhood. One of his sisters died during child birth and a brother died after being shot 18 times in front of defendant's home. Defendant had been in special education classes and was on Supplemental Social Security because of his disability. At the time of trial, defendant was on psychotropic medication and diagnosed with a psychotic disorder, substance abuse, a learning disorder and petit mal seizures. Defendant's Intelligence Quotient (I.Q.) was in an average range between 84 and 96, but his responses on the psychological testing placed him at a level equivalent to the mental age of a two year old child.
The state argues, to the contrary, that there is ample record support for the sentence imposed. We agree.
While there is some merit to defendant's argument that the record does not expressly indicate all of the factors that the trial court considered before imposing sentence, we do not agree that they were not considered in imposing sentence and that a reversal and remand is required.
The trial judge expressly stated that he had considered the factors listed in 894.1[2] before making the determination as to the appropriate sentence. The sentencing judge had full knowledge of all the facts of this case from which to make his sentencing determination since he was the same judge who presided over the sanity hearing and the trial. Thus, it is clear from the record that the judge was aware of the defendant's mental and psychological condition and/or disabilities. He was likewise aware that, although the defendant's responses to testing indicated a low functional level, it was the opinion of the examiners that the defendant was uncooperative and exaggerated his cognitive deficits and lack of memory. Similarly, the sanity commission had determined, after evaluating defendant's social history and psychological condition, that he was not suffering from any medical disease or defect which should interfere with his ability to understand the proceedings against him or to assist in his own defense. The trial judge was also well aware of the circumstances of the crimes, including that a gun was used in the commission of the offense and that shots *473 were fired at the victim. Also, although the particulars were not admitted into evidence, the trial judge was aware of defendant's past criminal record and the district attorney's assertion that defendant would be thereafter billed as an habitual third offender.
The sentencing range for first degree robbery, the crime of which defendant was convicted, is from 3 to 40 years imprisonment at hard labor. La. R.S.14:64.1(B). The trial court sentenced defendant in the mid-range of 20 years. Thus, although the trial judge did not articulate in detail every factor he was considering in imposing sentence, the record clearly reveals an adequate factual basis for the sentence which he imposed.
Therefore, we do not find that the sentences imposed by the trial judge were either without reason or excessive. To the contrary, we find that, when the mitigating circumstances are considered, along with all other factors, like the seriousness of the offense, and the two 20 year imprisonment concurrent sentences imposed, the sentences are supported by the record and are not cruel and unusual under the standards of the Eight and Fourteenth Amendments of the United States Constitution or Article 1, § 20 of the Louisiana Constitution of 1974.
We have reviewed this case for errors patent and find that the trial court erred in failing to properly advise the defendant of the prescriptive period for post conviction relief.
Paragraph C of La.C.Cr.P. art. 930.8 instructs the trial judge to inform defendant at the time of sentencing of the prescriptive period for post conviction relief. In the present case, when the trial judge sentenced defendant he did not so inform the defendant. Therefore, we instruct the trial judge to send appropriate written notice to defendant of the correct statement of the law regarding the prescriptive period for post conviction relief and to file written proof in the record that defendant received the notice. See State v. Kershaw, 94-141 (La.App. 5th Cir. 9/14/94), 643 So.2d 1289.
Accordingly, for the reasons set out above, defendant's 2 convictions of first degree robbery and concurrent sentences to 20 years imprisonment at hard labor, without benefit of parole, probation or suspension of sentence are affirmed. The case is remanded to the trial court to provide proof in the record of defendant's receipt of appropriate notice, under La.C.Cr.P. art. 930.8, of the prescriptive period for post conviction relief.
CONVICTIONS AND SENTENCES AFFIRMED; CASE REMANDED.
NOTES
[1] Defendant assigns no errors concerning his convictions. They are, therefore, final and affirmed.
[2] As quoted above, the trial judge actually referred to Article 894, but in context it is clear that he meant Article 894.1.