795 So.2d 465 (2001)
STATE of Louisiana
v.
Jeffery A. MORRISON.
No. 01-KA-268.
Court of Appeal of Louisiana, Fifth Circuit.
August 28, 2001.
J. Rodney Baum, Louisiana Appellate Project, Baton Rouge, LA, Attorney for Appellant, Jeffery A. Morrison.
Paul D. Connick, Jr., District Attorney, Churita Hansell, Terry M. Boudreaux, Appellate *466 Counsels, Donald A. Rowan, Trial Counsel, Rebecca J. Becker, Assistant District Attorneys, Gretna, LA.
Panel composed of Judges JAMES L. CANNELLA, WALTER J. ROTHSCHILD and JAMES C. GULOTTA, pro tem.
JAMES L. CANNELLA Judge.
Defendant, Jeffery A. Morrison, appeals from his conviction of armed robbery, his sentence and enhancement for committing the offense with a firearm, of ten years plus five years imprisonment both at hard labor and without benefit of parole, probation or suspension of sentence, to run consecutively. For the reasons which follow, we affirm and remand.
On January 6, 2000, shortly before midnight, Willie Porter (Porter), the manager of a Popeye's Restaurant, located on Belle Chase Highway, and his two employees, the Defendant herein and Ahmad Landix (Landix), were closing the store for the night. As they exited the store, a masked man appeared and put a gun to the side of the Defendant's head and ordered the Defendant and Porter back into the store. The gunman left Landix outside the store and Landix left the scene with a friend, Richard Davis, who was in the parking lot. The gunman ordered Porter to open the safe and give him the money that was in it. When the Defendant tried to get away, the gunman tried to slam his head against the counter. The gunman escaped with about $700. Porter called the police. No suspects were developed on the night of the robbery.
Thereafter, on January 21, 2000, the Defendant, Landix and Davis were called to the police station for questioning. During the interviews, Landix told the officers that earlier on the day of the robbery, the Defendant had told him that the store was going to be robbed. The deputies determined that the gunman was a young man named Jamal Kali (Kali), a good friend of the Defendant's, who was residing with him. The officers concluded that the Defendant had helped plan the robbery, was a part of it and that he shared in part of the stolen money.
At the conclusion of the interviews, the Defendant and Davis were arrested and Landix was released. Kali was later arrested. Eventually, on February 16, 2000, the Defendant and Kali were charged by bill of information with armed robbery of Porter, in violation of La. R.S. 14:64. The charges against Davis were dropped.
The Defendant and Kali were tried separately. Trial was commenced against the Defendant on May 11, 2000. At the beginning of trial, the State filed a notice to invoke the firearm enhancement of sentence provisions of La. R.S. 14:64.3. The trial concluded on May 12, 2000 with a jury verdict of guilty as charged. Sentencing took place on May 25, 2000 and the Defendant was sentenced to imprisonment at hard labor for ten years for the armed robbery conviction and an additional five years for the firearm enhancement, to run consecutively. A motion to reconsider was filed and denied. It is from this conviction and sentence that the Defendant appeals.
On appeal the Defendant only assigns one error and requests review of the record for any errors patent on the face of the record.
In his only assigned error, the Defendant argues that the imposed sentence is excessive, the trial court did not comply with the requirements of La.C.Cr.P. art. 894.1, and the circumstances of the case do not justify the sentence imposed, although it was the statutory minimum.
The State argues that the sentence is clearly within the trial court's broad sentencing *467 discretion, considering the seriousness of the crime and the danger to the victim because of the firearm. Moreover, the fact that the trial judge sentenced the Defendant to the statutory minimum indicates that the trial judge took the mitigating circumstances into consideration.
The Eighth Amendment to the United States Constitution and Article I, § 20 of the Louisiana Constitution of 1974 prohibit the imposition of excessive punishment. A sentence is considered excessive if it is grossly disproportionate to the offense or imposes needless and purposeless pain and suffering. State v. Lobato, 603 So.2d 739 (La.1992); State v. Munoz, 575 So.2d 848 (La.App. 5th Cir.1991), writ denied, 577 So.2d 1009 (La.1991). Even a sentence which falls within statutory limits may be excessive under certain circumstances. State v. Robicheaux, 412 So.2d 1313 (La.1982); State v. Short, 00-866 (La. App. 5th Cir.10/18/00), 769 So.2d 823.
In sentencing a defendant, the trial court should state for the record the considerations taken into account and the factual basis therefor. La.C.Cr.P. art. 894.1C. However, where the record clearly shows an adequate factual basis for the sentence imposed, remand for re-sentencing is unnecessary, even where there is not full compliance with La.C.Cr.P. art. 894.1. State v. Sanders, 98-609, p. 4 (La.App. 5th Cir.12/16/98), 728 So.2d 470, 472.
The Defendant contends that the record is void of any rationale for the sentence imposed. He argues that there was no real violence involved in the case. The asserted violence and threats were against the Defendant and were part of the plan to convince Porter to hand over the money. Porter was not threatened with the weapon. Further, the Defendant argues that while he may have helped plan the robbery, he did not personally possess a weapon nor did he commit or threaten violence to anyone. In mitigation, the Defendant also points out his youth, 18 years of age at the time of the offense, and no prior convictions.
As the Defendant asserts, the trial court did not specify any reasons for imposing the minimum sentence. However, the trial court was familiar with the underlying facts of the instant offense, as well as the entire record.
The facts establish that the Defendant was an employee at the restaurant which was robbed. He used his position of trust to assist in the orchestration of this crime. The crime was committed by the co-perpetrator with a dangerous weapon, a firearm. The danger of the entire situation, where a person is apparently being threatened at gunpoint, is obvious. Based on the foregoing, we find no abuse of the trial court's vast sentencing discretion in sentencing the Defendant to the statutory minimum sentence and further find ample support in the record for the imposition of the ten year imprisonment at hard labor sentence for the armed robbery and the five year imprisonment at hard labor additional firearm enhancement, to run consecutively. The Defendant's assigned error lacks merit.

ERROR PATENT REVIEW
The Defendant requests that the Court review the record for any errors patent on its face. La.C.Cr. P. art. 920. The record was reviewed and one error was found. In sentencing the Defendant, the trial court neglected to inform the Defendant of the prescriptive period for post conviction relief provided in La. C.Cr.P. art. 930.8. This error does not require reversal, but only remand, with instructions to the trial court to send the appropriate written notice to the Defendant of the correct statement of the law *468 regarding the prescriptive period for post conviction relief and to file written proof in the record within 10 days that the Defendant received the notice.
Accordingly, for the foregoing reasons, the conviction, sentence and enhancement of sentence are affirmed and the case is remanded to the trial court to provide proof in the record within 10 days of the Defendant's receipt of notice of La.C.Cr.P. art. 930.8, the prescriptive period for post conviction relief.
CONVICTION, SENTENCE AND ENHANCEMENT OF SENTENCE AFFIRMED, REMANDED.