807 So.2d 836 (2002)
STATE of Louisiana
v.
Robert B. McBRIDE.
No. 2001-K-0588.
Supreme Court of Louisiana.
February 8, 2002.
PER CURIAM.
Writ Granted. The judgment of the court of appeal, substituting a parole-ineligible 15-year term for the defendant's original sentence, is vacated and the sentence imposed by the district court is reinstated. On sentence review the only pertinent query is "whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate." State v. Cook, 95-2784, p. 4 (La.5/31/96), 674 So.2d 957, 959 (quoting State v. Humphrey, 445 So.2d 1155, 1165 (La.1984)), cert. denied, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996). See State v. Soraparu, 97-1027 (La.10/13/97), 703 So.2d 608. After an extensive sentencing hearing, the trial court carefully weighed both aggravating and mitigating factors, articulated reasons for choice of punishment and imposed a sentence within statutory range. The record adequately supports the sentencing choice, and punishment is neither disproportionate to the offense nor the infliction of needless pain and suffering. State v. Sepulvado, 367 So.2d 762, 767 (La.1979); State v. Bonanno, 384 So.2d 355 (La.1980).