811 So.2d 1047 (2002)
STATE of Louisiana
v.
Lawrence P. CLEMONS.
No. 01-KA-1032.
Court of Appeal of Louisiana, Fifth Circuit.
February 26, 2002.
*1048 Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Alison Wallis, Assistant District Attorneys, 24th Judicial District, Gretna, LA, for State.
Gwendolyn Kay Brown, Baton Rouge, LA, for defendant-appellant.
Court composed of Judges THOMAS F. DALEY, SUSAN M. CHEHARDY and CLARENCE E. McMANUS.
*1049 CLARENCE E. McMANUS, Judge.
The defendant, Lawrence P. Clemons, was charged with possession of a firearm while in possession of crack cocaine, a violation of LSA-R.S. 14:95(E). After a jury trial, defendant was found guilty as charged. The trial judge sentenced the defendant to the mandatory minimum sentence of five years at hard labor.

FACTS
On October 11, 2000, at approximately noon, Deputy Chad Spindel of the Jefferson Parish Sheriff's Office responded to a call over the radio that a patrol unit had been dispatched to Daiquiris and Creams on Veterans Boulevard in Metairie where a black male had entered Daiquiris with what appeared to be a rifle wrapped in a towel. When the deputy arrived, he saw the suspect (later identified as defendant) seated on a bar stool with his jacket hanging over the back of the bar stool. Within a foot or so of the suspect, Deputy Spindel saw the butt of a rifle protruding from the bottom of a towel. Deputy Spindel cautiously approached the suspect, instructed him to stand up, turn around and place his hands directly against the wall behind him. While Deputy Spindel patted down him down, Deputy Brian Karcher arrived to assist Deputy Spindel. The officers asked defendant for identification but stopped him as he reached for his jacket. At that time, officers placed him under arrest for possessing a firearm in a place where alcohol is sold and informed him of his Miranda rights. The officers asked defendant if his jacket contained weapons or narcotics. Defendant admitted he had crack cocaine in the pocket but stated it had been purchased sometime ago.
At trial, defendant exercised his right to testify. He informed the jury that he intended to pawn the rifle for his ex-roommate, Charlene (whose last name he did not know). However, before so doing, he stopped at Daquiris and Creams in Metairie to play video games. He also admitted that the cocaine in his jacket belonged to him.

ERRORS PATENT
Pursuant to La.Code Crim. P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990), the record was reviewed for errors patent. Accordingly, we note our review reveals errors patent.
First, the trial court imposed an illegally lenient sentence under La. R.S. 14:95(E), because it failed to impose a fine of "not more than ten thousand dollars" nor did it inform defendant that his sentence would be served "without the benefit of probation, parole, or suspension of sentence." Specifically, the trial judge sentenced defendant to five years imprisonment at hard labor and recommended the intensive incarceration boot camp program. Thus, this sentence appears to be illegally lenient. Although neither the state nor defendant raised this issue below or in this court, we note this court has in the past declined to amend or set aside illegally lenient sentences where neither party raised the issue on appeal. State v. Barroso, 99-1297 (La.App. 5 Cir. 5/17/00), 762 So.2d 206, 217, writ denied, 00-1744 (La.6/29/01), 794 So.2d 821.
However, there is now authority for a reviewing court to amend an illegally lenient sentence on its own motion. The Louisiana Supreme Court recently considered this issue and overruled Barroso in State v. Williams, 00-1725 (La.11/28/01), 800 So.2d 790. The majority opinion (with Chief Justice Calogero dissenting and Justice *1050 Pro Tempore Lobrano concurring), resolves a split among the circuits as to the statute's retroactivity and the impact of the 180 day amendment period applied to the provisions specified in La. R.S. 15:301.1. The opinion holds that La. R.S. 15:301.1(A), is a self-activating provision thereby obviating the need for remand to make a ministerial correction of an illegally lenient sentence. It further determined that the 180 day time limit in subsection D was inapplicable to the self-activating provisions of subsections A and C, and it noted the appellate court properly noticed the sentencing errors without concerning itself with the time limitations of subsection D. Additionally, the Court stated that the appellate court's authority to recognize sentencing error arises in part from those self-activating provisions. Thus, under the general provisions of La.Code Crim. P. art. 882, an illegally lenient sentence may be corrected at any time by the reviewing court.
Next, the transcript reflects that after sentencing defendant, the trial court failed to completely advise defendant of the prescriptive period for filing post-conviction relief pursuant to LSA-C.Cr.P. art. 930.8, in that he failed to indicate when the period began to run, despite the commitment which states otherwise.
Therefore, because the trial court did not impose a fine of not more than ten thousand dollars, inform defendant that his sentence is to be served without benefit of parole, probation or suspension of sentence, or completely advise defendant of the prescriptive period for filing post-conviction relief, we remand this matter to the district court for imposition of an appropriate fine and order it to correct the sentence under the procedures set out in State v. Harris, 93-1098 (La.1/5/96), 665 So.2d 1164.

ASSIGNMENTS OF ERROR
Defendant first argues that the trial court erred in denying his motion for mistrial because the prosecutor made inflammatory and improper statements in closing argument. Second, defendant contends the trial court should have instructed the jury to disregard the prosecutor's reference to his post-arrest silence. Third, the trial court imposed an excessive sentence. Fourth, defendant asserts he was denied effective assistance of counsel at sentencing because his attorney did not file a motion to reconsider the sentence.

DISCUSSION
Defendant argues that the trial court erred when it failed to declare a mistrial based on several statements made by the prosecutor during closing argument that he feels were prejudicial and contributed to the guilty verdict.
LSA-C.Cr.P. art. 774 provides the scope of closing argument as follows:
The argument shall be confined to evidence admitted, to the lack of evidence, to conclusions of fact that the state or defendant may draw therefrom and to the law applicable to the case.
The argument shall not appeal to prejudice.
The state's rebuttal shall be confined to answering the argument of the defendant.
Even if closing arguments go beyond the scope of LSA C.Cr.P. art. 774, the errors are harmless unless the reviewing court is thoroughly convinced that the remarks influenced the jury and contributed to the verdict. State v. Byrne, 483 So.2d 564 (La.1986), cert. denied, Byrne v. Louisiana, 479 U.S. 871, 107 S.Ct. 243, 93 L.Ed.2d 168 (1986).
*1051 LSA-C.Cr.P. art. 770 provides in pertinent part that a mistrial shall be granted:
Upon motion of a defendant, a mistrial shall be ordered when a remark or comment, made within the hearing of the jury by the judge, district attorney, or a court official, during the trial or in argument, refers directly or indirectly to:
(2) Another crime committed or alleged to have been committed by the defendant as to which evidence is not admissible;
(3) The failure of the defendant to testify in his own defense; or
An admonition to the jury to disregard the remark or comment shall not be sufficient to prevent a mistrial. If the defendant, however, requests that only an admonition be given, the court shall admonish the jury to disregard the remark or comment but shall not declare a mistrial.
LSA-C.Cr.P. art. 771 provides in pertinent part the court shall promptly admonish the jury to disregard a remark or comment:
(1) When the remark or comment is made by the judge, the district attorney, or a court official, and the remark is not within the scope of Article 770; or
(2) When the remark or comment is made by a witness or person other than the judge, district attorney, or a court official, regardless of whether the remark or comment is within the scope of Article 770.
Defendant specifically complains that during rebuttal, the prosecutor made the following prejudicial remarks:
Because Ms. Glorioso [defense counsel] stands up in front of you and says, Well, there were no bullets inside the gun, there were no bullets, he couldn't hurt anybody. Well, you know what, as sure as I=m standing in front of you, if there were bullets inside the gun that day, she's [sic] be up here saying, Ladies and gentlemen, there may have been bullets inside the gun, but he didn't fire it at nobody. That's what a good defense lawyer does, you're damned if you do, or damned if you don't when you're a prosecutor. If you don't have bullets inside the gun, you're damned, and if you have bullets inside the gun you're damned, because that's what a good defense attorney does, that's her job. Her job as a defense attorney is to get him to walk through those doors.
Defense counsel then objected, argued that the prosecutor's comments were prejudicial and that the prosecutor was misstating the role of defense counsel, and moved for a mistrial which the trial judge denied. Defense counsel did not request an admonition be given to the jury.
Similarly, in State v. Forrest, 97-0027 (La.App. 4 Cir. 10/1/97), 701 So.2d 706, writ denied, 97-2735 (La.2/20/98), 709 So.2d 772, the prosecutor stated during closing argument, "[o]ur job is to seek justice. His job is to defend, to get someone off, in other words, to put them on the street where they can strike again." On review, the appellate court found that the prosecutor's remark was improper; however, it held that such a statement did not require a reversal unless it was convinced that the jury was influenced by the remark and that it contributed to the verdict. In this case, it appears that the prosecutor's statement may have been improper since it was similar to those remarks made in Forrest. However, the statement was not so inflammatory or prejudicial to warrant reversal *1052 as it does not appear the jury was influenced by the remark or that the remark contributed to the verdict.
Next, defendant argues that the trial court erred in overruling his objection after the prosecutor argued during rebuttal that the jury should not believe defendant's testimony because defendant failed to provide the jury with any documentation to support his defense. This argument was apparently made in response to defendant's trial testimony that he was honorably discharged from the military subsequent to a diagnosis of personality disorder. To lend credence to his testimony, defendant introduced a certified copy of an Army certificate showing that he had been diagnosed with a personality disorder.
In State v. Ledet, 00-1103 (La.App. 5 Cir. 7/30/01), 792 So.2d 160, defense counsel in closing argument suggested that the results of the state's DNA tests were wrong because the evidence was contaminated and the lab made mistakes. During rebuttal, the prosecutor responded by stating that defendant could have hired his own lab to conduct tests to substantiate allegations of error. This Court found the prosecutor was responding to arguments made by defense counsel in closing argument, and that he was merely asking the jury to compare the state's evidence with the defendant's lack of evidence which is permissible under La.Code Crim. P. art. 774. This Court stated that the reference made by the prosecutor did not constitute a comment on defendant's failure to testify such that a mistrial was warranted. State v. Ledet, 00-1103, p. 13, 792 So.2d 160.
Defendant further argues that the trial court erred when it denied defendant's motion for a mistrial after the prosecutor argued that the jury should not believe defendant's testimony because it was the first time that the prosecutor had heard the story. Defendant claims that this comment improperly refers to defendant's post-arrest silence. Defense counsel objected and stated that defendant's post-arrest silence was sacred, and the trial judge sustained the objection. Defense counsel requested instruction to the jury or a mistrial. The trial judge did not give an admonition or instruction to the jury. A review of the trial testimony reveals that defendant did not exercise his right to remain silent, since he made statements to the deputies after being read his Miranda rights. Further, the trial court sustained the objection and the prosecutor ceased additional argument on that point.
This Court, in State v. Troulliet, 94-183 (La.App. 5 Cir. 9/14/94), 643 So.2d 1267, explained that "a brief reference to post-Miranda silence does not mandate a mistrial or reversal where the trial as a whole was fairly conducted, the proof of guilt is strong, and the state made no use of the silence for impeachment."
Additionally, defendant also complains that the following rebuttal argument was inappropriate:
Now, ladies and gentlemen, I don't think I'm anything special, but I'm pretty competent, I think, at what I do, and I think he [defendant] could not withstand that cross examination, because he was not prepared, he was not prepared to answer the questions that I had asked him. He goes, I know, I know, when he prepares for this cross examination, I know defendants are going to think of certain things, and they're going to stick to those stories.
Defense counsel then objected and stated that the comment about what other *1053 defendants do was improper closing argument. The prosecutor said he would "stick to this defendant." The trial court did not rule on the objection, and the prosecutor continued with his rebuttal argument. Defense counsel did not move for a mistrial nor did he request an admonition. Therefore, there is no ruling for this panel to consider.
Further, defendant argues that the trial court erred in overruling his objection because the prosecutor misstated evidence during his rebuttal argument.
The following exchange occurred during the prosecutor's rebuttal argument:
MR. BRINDISI: [The prosecutor]
And during being on the witness stand, I mean, he wants sympathy from you. I mean, at one point I think he said, I didn't know it was against the law, and I knew it was against the law, and at one point he looked me right in the eye, and he said, I don't care about the law. That's [sic] speaks volumes
A review of the trial testimony reveals that, although defendant did not specifically say, "I don't care about the law." He testified that he knew it was against the law to carry the gun into Daquiris and to smoke crack cocaine, but that he did both of those acts anyway.
Defendant also argues that the trial court erred in not granting his motion for a mistrial after the prosecutor commented during his rebuttal argument that defendant's service in the military should not be considered a factor favorable to him, and that five years in prison might do defendant some good because "he was probably doing it [drugs] in the service." Defense counsel approached the bench and moved for a mistrial based on the remark about doing it in the service, and he told the prosecutor that he clearly implied that defendant was using drugs in the service. The prosecutor said that he meant defendant saw the psychiatrist in the service. After listening to the arguments of counsel, the trial court did not rule on the motion for mistrial, but it instructed the jury as follows: "Members of the jury, there was absolutely no evidence introduced at this trial that the defendant did any drugs while he was in the service, so you disregard any argument about that. Okay?" Although it was error for the prosecutor to refer to another crime allegedly committed by defendant, the error was harmless, because the trial court gave a strong admonition to the jury to disregard the statement and the evidence against the defendant was overwhelming.
Defendant argues that his five-year sentence is constitutionally excessive. He believes that he should be given a lenient sentence because he was not engaged in drug distribution or use at the time of his arrest nor immediately prior to his arrest. At trial, defendant argued that La. R.S. 14:95(E) was designed to prevent violence connected with drug trafficking and to punish drug dealers and violent offenders, not someone like him. Moreover, the rifle was unloaded, he had no ammunition in his possession, and he intended to pawn the rifle when he left the daiquiri shop. Further, he had no prior criminal history and was attending college at the time of his arrest. This Court has routinely reviewed sentences for bare constitutional excessiveness despite a defendant's failure to file a timely motion to reconsider sentence. State v. Hester, 99-426 (La.App. 5 Cir. 9/28/99), 746 So.2d 95, writ denied, 99-3217 (La.4/20/00), 760 So.2d 342. A review of the record and the jurisprudence demonstrates *1054 that defendant did not receive an excessive sentence. See, State v. Taylor, 98-603 (La.App. 5 Cir. 3/10/99), 733 So.2d 77.
Defendant also argues that the trial judge erred by failing to adequately articulate the reasons for his sentencing choice as mandated by La.Code Crim. P. art. 894.1. In sentencing a defendant, the trial court should state for the record the considerations taken into account and the factual basis therefore. La.Code Crim. P. art. 894.1(C). However, where the record clearly shows an adequate factual basis for the sentence imposed, remand for re-sentencing is unnecessary, even where there is not full compliance with La.Code Crim. P. art. 894.1. State v. Sanders, 98-609, p. 4 (La.App. 5 Cir.12/16/98), 728 So.2d 470, 472. Although the trial judge did not articulate reasons for his sentencing choice, the record demonstrates an adequate factual basis to support the imposed sentence. Additionally, defendant has not presented sufficient evidence to support a deviation from the mandatory statutory sentence.
Last, defendant further contends that his trial counsel was ineffective for failing to file a motion to reconsider sentence and failing to orally object to the sentence below. A claim of ineffective assistance of counsel is most appropriately addressed through an application for post-conviction relief rather than direct appeal, so as to afford the parties an adequate record for review. State v. Truitt, 500 So.2d 355, 359 (La.1987); State v. McIntyre, 97-876 (La.App. 5 Cir. 1/27/98), 708 So.2d 1071, 1075, writ denied, 98-1032 (La.9/18/98), 724 So.2d 753. This Court has held that a defendant is not prejudiced by counsel's failure to object to a sentence at the trial court level when the sentence has been reviewed for constitutional excessiveness on appeal. State v. Lewis, 98-672 (La.App. 5 Cir. 3/10/99), 732 So.2d 556, 561, writ denied, 99-2818 (La.4/20/00), 760 So.2d 334.
Based on the foregoing, we affirm defendant's conviction and sentence and remand this case for re-sentencing.
AFFIRMED; REMANDED WITH INSTRUCTIONS.