836 So.2d 584 (2002)
STATE of Louisiana
v.
Michael LOTT.
No. 02-KA-702.
Court of Appeal of Louisiana, Fifth Circuit.
December 30, 2002.
*585 Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Alan D. Alario, Assistant District Attorneys, Gretna, LA, for Plaintiff/Appellee.
Bruce G. Whittaker, Louisiana Appellate Project, New Orleans, LA, for Defendant/Appellant.
Panel composed of Judges SOL GOTHARD, CLARENCE E. McMANUS, and WALTER J. ROTHSCHILD.
SOL GOTHARD, Judge.
This is defendant's third appeal. Defendant was convicted of two counts of distribution of cocaine in violation of La. R.S. 40:967 A. He was originally sentenced to twenty-five (25) years of imprisonment on both counts. Defendant was subsequently found to be a third felony offender and was *586 sentenced under La. R.S. 15:529.1 to life imprisonment.
On his first appeal, this Court affirmed defendant's convictions, but vacated his multiple offender adjudication and sentence on the basis there was no specification in the multiple offender bill of information as to which one of the two counts was being considered for an enhanced sentence. State v. Lott, 97-1002 (La.App. 5 Cir. 5/27/98), 712 So.2d 289.
On remand, after a second multiple bill hearing, the trial court again found defendant to be a multiple offender, vacated his original sentence on count one, and sentenced him to life imprisonment without the benefit of parole, probation or suspension of sentence, to run concurrent with his sentence on count two.
On his second appeal, this Court affirmed defendant's adjudication as a third felony offender but vacated his enhanced sentence on the basis that the version of La. R.S. 15:529.1 in effect at the time of the commission of the underlying offense did not mandate a life sentence. State v. Lott, 00-1390 (La.App. 5 Cir. 5/30/01), 796 So.2d 941 (unpublished opinion), writ denied, 01-2410 (La.9/13/02), 824 So.2d 1189.
On the second remand, the trial court noted that defendant was a third felony offender and resentenced him on count one under La. R.S. 15:529.1 to twenty-five (25) years at hard labor without the benefit of probation or suspension of sentence, to run concurrent with his previous twenty-five (25) year sentence on count two.
After the denial of his motion to reconsider sentence, defendant, pro se, filed both a supervisory writ and a motion for appeal. The writ, 02-KH-534, was denied. In this appeal, defendant seeks review of his twenty-five (25) year enhanced sentence as unconstitutionally excessive.
Originally we note that defendant's motion for appeal appears untimely because it was filed more than five days from the ruling on the motion to reconsider sentence. La.C.Cr.P. art. 914B(2). However, the record reflects that defendant deposited his motion for appeal with the prison authorities within five days of his receipt of the notice of denial of his motion for reconsideration of sentence. Given the Louisiana Supreme Court's directive in State ex rel. Egana v. State, 00-2351 (La.9/22/00), 771 So.2d 638, we find that defendant's appeal is timely.
The facts of this case were set forth in the first appeal as follows:
The instant charges arise from two separate undercover narcotics transactions. The officers involved in the transactions testified regarding the circumstances surrounding the two purchases establishing the following facts.
On the afternoon of July 31, 1995, Agent Jamal Taylor, equipped with a "Unitel transmitter" and a video camera, proceeded to the Robinson Avenue area of Marrero, Louisiana, in order to make a "street-level" purchase of narcotics. Upon entering the 300 block of Robinson Avenue, Agent Taylor stopped his vehicle. A subject approached whom Agent Taylor described as a black male, 5'10" in height, 170 pounds, 22 or 23 years old and wearing a white polo shirt and blue jeans. Agent Taylor purchased two rocks of crack cocaine for $40.00 from the subject.
Following the transaction, Agent Taylor met his supervisor, Agent Morton, who had monitored the transaction via radio receiver, and Agent Taylor submitted the evidence to Agent Morton. Ten days later, Agent Taylor viewed a photographic line-up and identified the defendant as the subject who sold him the crack cocaine. Thereafter, on August *587 14, 1995, a warrant was issued for the defendant's arrest.
Subsequently, on the afternoon of October 23, 1995, Agent John Curtis proceeded to the Robinson Avenue area in order to make a second undercover purchase of narcotics. Agent Curtis was similarly equipped with a transmitter and video camera. While traveling on Robinson Avenue, Agent Curtis noticed a subject approaching his vehicle. After stopping his vehicle, Agent Curtis purchased two rocks of crack cocaine for $40.00 from the subject whom he described as a black male with a short haircut, 6'3" in height, and wearing jeans and a maroon plaid shirt.
After the purchase, Agent Curtis met his supervisor, Agent Wilky, who had monitored the transaction via radio receiver, and Agent Curtis turned over the evidence to him. When Agent Curtis viewed a photographic line-up on January 16, 1996, he identified the defendant as the subject who sold him the two rocks of crack cocaine. Thereafter, in November of 1996, a warrant was issued for the defendant's arrest. [Footnote citation omitted.]
Additionally, in conjunction with the testimony of Agent Taylor and Agent Curtis, videotapes of each transaction were played for the jury. The agents testified that their respective videos accurately depicted the events that occurred.
State v. Lott, 97-1002 (La.App. 5 Cir. 5/27/98), 712 So.2d 289, 290.
Defendant, through counsel, argues his twenty-five (25) year enhanced sentence is unconstitutionally excessive because, in the five years that he was in prison prior to his resentencing, he rehabilitated himself through the various courses offered in prison. He points to several substance abuse, life-saving, and religious courses he completed while in prison. He also notes that he is currently enrolled in a GED program. Defendant claims his twenty-five (25) year sentence is excessive considering his nonviolent record.
In addition, defendant has also filed a pro se brief in which he assigns as error the trial court's failure to articulate reasons for imposing sentence in violation of La.C.Cr.P. art. 894.1.
As discussed in State v. Lott, 00-1390 (La.App.5/30/01), 796 So.2d 941 (unpublished opinion), writ denied, 01-2410 (La.9/13/02), 824 So.2d 1189, under the laws in effect in July 1995, the time of defendant's underlying offense, defendant faced an enhanced sentence of "not less than two-thirds of the longest possible sentence for the conviction and not more than twice the longest possible sentence prescribed for a first conviction" or between twenty (20) and sixty (60) years.[1] Defendant received twenty-five (25) years, which is at the low end of the sentencing range.
Both the United States and Louisiana Constitutions prohibit the imposition of excessive or cruel punishment. U.S. Const. amend. VIII; La. Const. of 1974, art. I, § 20. A sentence is constitutionally excessive, even if it is within the statutory limits, if it is grossly disproportionate to the severity of the offense or is nothing more than the needless and purposeless imposition of pain and suffering. State v. Wickem, 99-1261 (La.App. 5 Cir. 4/12/00), 759 So.2d 961, 968, writ denied, 00-1371 (La.2/16/01), 785 So.2d 839. Trial judges are granted great discretion in imposing *588 sentences and sentences will not be set aside as excessive absent clear abuse of that broad discretion. State v. Bacuzzi, 97-573 (La.App. 5 Cir. 1/27/98), 708 So.2d 1065, 1068-1069.
In sentencing a defendant, the trial court should state for the record the considerations taken into account and the factual basis therefor. La.C.Cr.P. art. 894.1 C. However, where the record clearly shows an adequate factual basis for the sentence imposed, remand for re-sentencing is unnecessary, even where there is not full compliance with La.C.Cr.P. art. 894.1. State v. Morrison, 01-268 (La.App. 5 Cir. 8/28/01), 795 So.2d 465, writ denied, State ex rel Morrison v. State, 2001-2856 (La.8/16/02), 822 So.2d 614.
In reviewing a sentence for excessiveness, this Court must consider the punishment and the crime in light of the harm to society and gauge whether the penalty is so disproportionate as to shock our sense of justice, recognizing at the same time the wide discretion afforded the trial judge in determining and imposing sentence. State v. Brown, 99-172 (La. App. 5 Cir. 9/28/99), 742 So.2d 1051, 1056, writ denied, 99-3148 (La.4/20/00), 760 So.2d 340. The issue on appeal is whether the trial court abused its discretion, not whether another sentence might have been more appropriate. State v. Watts, 99-311 (La.App. 5 Cir. 8/31/99), 746 So.2d 58, 64, writ denied, 99-2733 (La.3/24/00), 758 So.2d 145. In reviewing a trial court's sentencing discretion, three factors are considered: 1) the nature of the crime, 2) the nature and background of the offender, and 3) the sentence imposed for similar crimes by the same court and other courts. Id.
Defendant is a third felony offender. His prior convictions include possession of cocaine and possession of stolen property. State v. Lott, 00-1390 (La.App. 5 Cir. 5/30/01), 796 So.2d 941 (unpublished opinion), writ denied, 01-2410 (La.9/13/02), 824 So.2d 1189. In his most recent conviction, defendant's level of crime progressed to distribution of cocaine. We find an adequate factual basis for the trial court's imposition of a twenty-five (25) year sentence in this case.
Defendant argues twenty-five (25) years is excessive in light of his non-violent record. However, a defendant's record of non-violent offenses cannot be the sole reason, or even the major reason, for declaring a sentence excessive. State v. Johnson, 97-1906 (La.3/4/98), 709 So.2d 672, 676.[2]
[t]his is because the defendant's history of violent or non-violent offenses has already been taken into account under the Habitual Offender Law for third and fourth offenders, which punishes third and fourth offenders with a history of violent offenses more severely than those with a history of non-violent offenses.
State v. Lindsey, 99-3256 c/w 99-3302 (La.10/17/00), 770 So.2d 339, 343, cert. denied by Lindsey v. Louisiana, 532 U.S. 1010, 121 S.Ct. 1739, 149 L.Ed.2d 663 (2001).
Defendant also argues, based on various courses he completed in prison, that he has been or is in the process of being rehabilitated. While being a model prisoner is commendable, it does not negate the fact that defendant committed three offenses in the first place. Defendant's sentence is *589 based on his previous life of crime and not what he may or may not do while in prison for the crimes which he has committed.
In this case, defendant's twenty-five (25) year sentence is at the low end of the sentencing range. Given his prior convictions, and the facts of this case, we cannot say that the trial court abused its discretion in this matter.
As requested by defendant, the record was reviewed for errors patent, according to La.C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990). The review reveals no errors patent in this case.
For the above discussed reasons, defendant's sentence is affirmed.
AFFIRMED.
NOTES
[1] Distribution of cocaine carries a sentence of "not less than five years nor more than thirty years." LSA-R.S. 40:967 B. (The 1995 version of the statute is used because the offense was committed in 1995).
[2] In State v. Johnson, supra, the Louisiana Supreme Court was discussing the excessiveness of a mandatory minimum sentence under the Habitual Offender Laws. While this case does not involve the imposition of a mandatory minimum sentence, the rationale of Johnson provides general guidance on excessive sentences.