EDWARD A. DUFRESNE, JR., Chief Judge.
By this appeal, defendant, Leonard Johnson, challenges his sentence as excessive. For the reasons which follow, we affirm defendant’s conviction and sentence.
On August 21, 2001, defendant and his cousin, Kim Edwards, got into an altercation because defendant believed that his wife was having an affair with Edwards. Apparently, both men were armed with weapons, defendant with a gun and Edwards with a knife. During the course of the argument, defendant shot and killed Edwards. In the subsequent statement given to police, defendant claimed that he and Edwards began to struggle, and that the gun discharged after it was grabbed by the victim. Defendant indicated that he only meant to scare Edwards and did not intend to shoot him.
As a result of this incident, on October 2, 2001, a grand jury for St. John the Baptist Parish, returned an indictment charging defendant with second degree murder, in violation of LSA-R.S. 14:30.1. At the arraignment, defendant pled not guilty. Thereafter, on January 21, 2003, defendant withdrew his plea and after being advised of his rights, pled guilty to the reduced charge of manslaughter, LSA-R.S. 14:31. After reviewing the pre-sen-tence investigation report, the trial judge sentenced defendant to thirty years of imprisonment at hard labor with credit for time served. Defendant orally objected to the sentence imposed and thereafter filed *239 a written motion for reconsideration of sentence which was denied by the trial court. Defendant now appeals. He asserts that his thirty year sentence is excessive considering that he is a first felony offender with a history of mental illness and substance abuse. We find no merit to defendant’s argument.
Both the United States and Louisiana Constitutions prohibit the imposition of excessive or cruel punishment. U.S. Const, amend. VIII; La. Const. art. I, Sec. 20. A sentence is constitutionally excessive, even if it is within the statutory limits, if it is grossly disproportionate to the severity of the offense or is nothing more than the needless and purposeless imposition of pain and suffering. State v. Lott, 02-702 (La.App. 5 Cir. 12/30/02), 836 So.2d 584, 587.
In determining whether a sentence is excessive, the test imposed on the reviewing court is two-pronged. First, the record must show that the trial court took cognizance of the sentencing guidelines set forth in LSA-C.Cr.P. art. 894.1. After determining whether the provisions of LSA-C.Cr.P. art. 894.1 have been complied with by the trial court, the reviewing court must then determine whether the sentence imposed is too severe given the circumstances of the case and the background of the defendant. State v. Lobato, 603 So.2d 739, 751 (La.1992); State v. Woodward, 02-1017 (La.App. 5 Cir. 3/25/03), 844 So.2d 236, 239-240.
The sentencing court is given wide discretion in imposing a sentence within the statutory limits and such a sentence will not be set aside as excessive in the absence of a manifest abuse of discretion by the sentencing court. On appellate review of sentence, the only relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. State v. McBride, 01-588 (La.2/8/02), 807 So.2d 836; State v. Woodward, 844 So.2d at 240.
In the present case, defendant pled guilty to manslaughter and was sentenced to thirty years at hard labor. At the time of this offense, the authorized sentence for manslaughter was a sentence of up to forty years at hard labor. LSA-R.S. 14:31. Thus, defendant’s sentence was within the prescribed statutory range.
Prior to imposing sentence, the trial judge took cognizance of the sentencing guidelines set forth in LSA-C.Cr.P. art. 894.1. The trial judge indicated that she had reviewed the pre-sentence report, as well as the letters submitted by defendant, his brother, and three of the victim’s family members. The trial judge noted for the record that defendant was a first felony offender, and that the death arose out of an argument between family members. Additionally, the pre-sentence report, which forms a part of the record on appeal and which was reviewed by the trial judge prior to sentencing, indicates defendant had a high school education and had been gainfully employed in the construction field since he finished high school. In a letter to the court, reviewed by the judge, defendant indicated the shooting had been an “accident.”
In addition to these mitigating factors, the trial judge also stated for the record certain aggravating factors. The judge mentioned the fact that a dangerous weapon was used in the commission of the offense. She also indicated that she was aware of the serious consequences the victim’s death would have on his family. Finally, the judge noted for the record that the letters received from the victim’s family indicated the family, especially his minor child, was very distraught over his death.
*240 It is apparent from the record that the trial judge, in imposing sentence, carefully considered both mitigating and aggravating circumstances as required by the sentencing guidelines set forth in LSA-C.Cr.P. art. 894.1. Although defendant urges his lack of criminal history and the family dispute in mitigation, the record indicates the judge took these factors into consideration. Defendant also urges in mitigation an allegation that he suffers from substance abuse and mental illness. However, other than the use of a controlled substance some fifteen years prior to this incident, reflected in the pre-sen-tence report, the record is devoid of any proof that defendant suffered from “bouts of substance abuse or that he was mentally ill.”[1]
Having found adequate compliance with the sentencing guidelines, it must now be determined if the sentence is too severe given the circumstances of the case and the background of the offender. The present crime was a crime of violence which resulted in the killing of a family member. Although the defendant had no prior felony convictions, he did have two previous arrests. Also, defendant received a significant benefit from his plea to the amended charge of manslaughter. As originally charged, defendant faced life imprisonment at hard labor without benefit of parole, probation or suspension of sentence.
Under these circumstances, we find that the trial judge did not abuse her discretion in imposing a sentence of thirty years on defendant. Furthermore, we note that it was less than the sentence recommended in the pre-sentence report.
We have also reviewed the record for errors patent and have found none. LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975).
For the reasons set forth herein, defendant’s conviction and sentence are hereby affirmed.

AFFIRMED.

. The only indication of any possible mental problem was the request by defendant for a sanity hearing. However, the conclusion of the sanity commission was that defendant was competent to stand trial.