ROTHSCHILD, J.,
dissents in part.
| lAlthough I agree with the majority opinion affirming the conviction in this case, I disagree with the decision insofar as it vacates the sentence imposed in this case and remands for resentencing.
As stated by our Supreme Court, “[o]n sentence review, the only pertinent query is whether the trial court abused it broad sentencing discretion, not whether another sentence might have been more appropriate.” State v. McBride, 01-588 (La.2/8/02), 807 So.2d 836. In the present case, the trial judge gave extensive reasons for sentencing, stating that he had thoroughly considered the criteria under La.C.Cr.P. art. 894.1, as well as the facts of the case and the ramifications of the sentence to all of the parties involved. The judge noted that the fight was senseless, and that defendant got a gun and shot an 18-year-old boy in the head. The judge specifically stated he felt a lesser sentence would deprecate the seriousness of the offense. While the judge acknowledged the young age of the defendant, he also recognized that:
... a life was lost, a young life that was a value to the people who loved him, and he lost his chance. So I don’t take it lightly at all. I think a sentence which will serve the purpose of justice in this matter, and I will sentence you to, because any lesser sentence, I think, would deprecate the seriousness of the crime, is thirty years at hard labor.
|gMy review of the record fails to show an abuse of discretion by the trial judge in imposing the 30 year sentence. The sentence imposed was within the statutory range, as La R.S. 14:31 provides that a defendant convicted of manslaughter shall be sentenced at hard labor to not more than 40 years. I also find the evidence presented at trial supported a verdict of second degree murder, which carries a mandatory life sentence. La. R.S. 14:30.1. Further, the sentence is not beyond the range of sentences that Louisiana courts have upheld under similar facts. In my view, the trial judge gave a sufficient basis for the sentence and the sentence is supported by the record. Absent a finding of abuse of discretion, I would affirm the sentence as imposed by the trial court.