THOMAS F. DALEY, Judge.
|2The Defendant, Derrick Dwayne Tom-linson, appeals his sentence as a multiple offender. This is the defendant’s third appeal in this case. His conviction for distribution of cocaine and original sentence were previously affirmed by this Court. State v. Tomlinson, 04-992 (La. App. 5 Cir.1/25/05), 895 So.2d 45, 46. A previous adjudication as a multiple offender was vacated by this Court. State v. Tomlinson, 05-201 (La.App. 5 Cir. 10/6/05), 916 So.2d 1200. In this appeal, defendant claims that his 25-year enhanced sentence is constitutionally excessive, and that the trial court erred by not giving reasons for its enhanced sentence. For the reasons that follow, we affirm.
Defendant argues that the trial court erred by imposing an excessive sentence without giving reasons pursuant to LSA-C.Cr.P. art. 894.1. He contends that his 25-year enhanced sentence was excessive because the evidence indicated that he was an addict and not a supplier; that he worked and provided for his wife and two young children; that for almost ten years he had not been charged with any felonies; that this was not a crime of violence; that this was a one-time occurrence; Land that the legislature had shown an intent to impose lesser sentences and/or alternative programs to treat people convicted of drug-related problems. He notes that the trial court reduced his original sentence from 14 to 10 years, and that the record does not support an increase of the sentence to 25 years in light of the reduction previously given.
The state responds that defendant did not file a Motion to Reconsider Sentence and, therefore, appellate review is limited to a determination of whether the sentence is constitutionally excessive. It argues that even if defendant were entitled to review on the issue of the trial judge’s failure to provide reasons for the sentence, defendant is not entitled to relief because there is an adequate factual basis in the record to support the sentence. The state also responds that the trial court did not abuse its discretion by imposing a 25-year enhanced sentence.
The record reflects that, on September 13, 2006, the trial judge found defendant to be a third felony offender, vacated the original sentence, and resentenced defendant to imprisonment at hard labor for 25 years without benefit of probation or suspension of sentence. The trial judge did not provide reasons for his sentence. Defense counsel objected to the multiple offender finding and to the excessiveness of the sentence.
The record reflects that defendant did not file a Motion to Reconsider Sentence as required by LSA-C.Cr.P. art. 881. The failure to file a Motion to Reconsider Sentence, or to state the specific grounds on which the motion is based, limits a defendant to a review of the sentence only for constitutional excessiveness. State v. Hester, 99-426 (La.App. 5 Cir. 9/28/99), 746 So.2d 95, writ denied, 99-3217 (La.4/20/00), 760 So.2d 342. Accordingly, the sentence will be reviewed only for constitutional ex-cessiveness.
I/The Eighth Amendment to the United States Constitution and Article I, § 20 of the Louisiana Constitution prohibit the imposition of excessive punishment. A sentence is considered excessive, even if it is within the statutory limits, if it is grossly disproportionate to the severity of the offense or imposes needless and purposeless pain and suffering. State v. Lobato, 603 So.2d 739, 751 (La.1992).
In reviewing a sentence for excessiveness, the reviewing court must consider the crime and the punishment in light of the harm to society and gauge whether the *198 penalty is so disproportionate as to shock its sense of justice, recognizing at the same time the wide discretion afforded the trial judge in determining and imposing the sentence. State v. Allen, 03-1205 (La. App. 5 Cir. 2/23/04), 868 So.2d 877, 879.
In reviewing a trial court’s sentencing discretion, three factors are considered: 1) the nature of the crime, 2) the nature and background of the offender, and 3) the sentence imposed for similar crimes by the same court and other courts. State v. Allen, 868 So.2d at 880. The trial judge is afforded wide discretion in determining a sentence, and the court of appeal will not set aside a sentence for excessiveness if the record supports the sentence imposed, even when the trial judge does not provide reasons for the sentence. State v. Uloho, 04-55 (La.App. 5 Cir. 5/26/04), 875 So.2d 918, 933, writ denied, 04-1640 (La.11/19/04), 888 So.2d 192.
Defendant was convicted of distribution of cocaine in violation of LSA-R.S. 40:967 A. The penalty for a violation of that statute is imprisonment at hard labor for not less than two years or more than 30 years, with the first two years to be served without benefit of parole, probation, or suspension of sentence, and a possible fine of not more than $50,000.00. LSA-R.S. 40:967 B(4)(b).
| .-^Defendant was subsequently found to be a third felony offender. The trial judge vacated his original sentence and resen-tenced him under the multiple bill statute to imprisonment at hard labor for 25 years without benefit of probation or suspension of sentence. Defendant was not fined. However, this Court vacated the habitual offender finding and enhanced sentence. Another multiple bill hearing was held, and the trial judge again found defendant to be a third felony offender.[1] He vacated the original sentence and resenteneed defendant under the multiple bill statute to imprisonment at hard labor for 25 years without benefit of probation or suspension of sentence.
LSA-R.S. 15:529.1 A(l), the multiple bill statute, provides in pertinent part:
(b) If the third felony is such that upon a first conviction, the offender would be punishable by imprisonment for any term less than his natural life then:
(i) The person shall be sentenced to imprisonment for a determinate term not less than two-thirds of the longest possible sentence for the conviction and not more than twice the longest possible sentence prescribed for a first conviction.
According to LSA-R.S. 40:967 B(4)(b) and LSA-R.S. 15:529.1 A(l)(b)(i), defendant’s sentencing exposure on his enhanced sentence was 20 to 60 years. Therefore, defendant’s 25-year enhanced sentence was on the lower end of the sentencing range.
In a similar case, State v. Lott, 02-702 (La.App. 5 Cir. 12/30/02), 836 So.2d 584, 587-589, writ denied, 2003-0499 (La.10/17/03), 855 So.2d 755, cited by the state in its brief, defendant was convicted of two counts of distribution of cocaine, found to be a third felony offender, and sentenced to imprisonment at hard labor for 25 years. This Court held that the 25-year enhanced sentence was not excessive, noting that, even though defendant’s prior offenses did not involve ^crimes of violence, the sentence was at the low end of the sentencing range, defendant had prior *199 convictions for possession of cocaine and possession of stolen property, and defendant’s most recent conviction progressed to distribution of cocaine.
The enhanced sentence is not constitutionally excessive. Tomlinson has a history of criminal convictions, the sentence was at the low end of the sentencing range, and the jurisprudence supports the sentence.

ERROR PATENT DISCUSSION

The record was reviewed for errors patent, according to LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); and State v. Wetland, 556 So.2d 175 (La. App. 5 Cir.1990). The review reveals no errors patent requiring correction.

AFFIRMED.

. The multiple bill reflects that defendant’s predicate convictions were for publishing a forged check with the intent to defraud in 1990 and felony breaking and entering in 1995.