JOHNSON, J.
In this second appeal, Defendant challenges his 55-year sentence as a third felony offender, which was imposed after a resentencing hearing conducted in accordance with State ex rel. Esteen v. State of Louisiana , 16-949 (La. 1/30/18); 239 So.3d 233, as excessive. After review, we find that his enhanced 55-year sentence is unconstitutionally excessive and, therefore, we vacate his enhanced sentence and remand the matter for resentencing.
PROCEDURAL HISTORY
Defendant was convicted by a jury in November 1998 of distribution of cocaine in violation of La. R.S. 40:967(A) and was sentenced to 20 years imprisonment at hard labor. In October 1999, he was adjudicated a third felony offender based on two predicate convictions - a 1994 conviction for theft over $ 500 ( La. R.S. 14:67 ) and a 1992 conviction for simple robbery ( La. R.S. 14:65 ). His original sentence was vacated, and he was resentenced under the multiple offender statute to life imprisonment at hard labor without benefit of parole, probation or suspension of sentence. His conviction was affirmed on appeal. State v. Arceneaux , 99-1226 (La. App. 5 Cir. 2/29/00), 761 So.2d 833 (unpublished opinion).
On May 25, 2018, Defendant filed a pro se motion to correct illegal sentence, arguing that his enhanced life sentence was illegal in light of the ameliorative provisions provided in 2001 La. Acts 403. He argued that the ameliorative provisions retroactively applied to him through La. R.S. 15:308 as explained by the Louisiana Supreme Court in Esteen , supra . After considering Defendant's motion, the district court determined that Defendant was entitled to a resentencing hearing, which was held on July 26, 2018. At the resentencing hearing, the district court resentenced Defendant to 55 years imprisonment at hard labor without benefit of probation or suspension of sentence. Defendant filed a motion to reconsider the sentence on the basis it was excessive, which was denied. This appeal follows.
*365 ISSUE
On appeal, Defendant challenges the district court's denial of his motion to reconsider sentence, arguing that his new 55-year enhanced sentence is overly harsh, illegally excessive, and per se unconstitutional.[1] He asserts that under the newer changes to the sentencing laws made by 2017 La. Acts 257 and 282, the sentencing range for a third felony offender with his underlying offense and predicate offenses is 15 to 60 years. He contends that his near maximum sentence is excessive, considering that his underlying offense was based on a single sale of cocaine in the amount of $ 20.00.
FACTS
The facts of Defendant's underlying conviction were set forth in this Court's unpublished opinion in the first appeal. In summary, on October 4, 1996, an undercover officer went to the area of Highway 90 and Glendella Street in Avondale where he stopped his truck and made contact with a black male, asking the man if he had any crack cocaine. The man told him that he did, went and obtained something from the back of a store located in the area, and returned to the truck. The man handed the officer a substance later identified as crack cocaine in exchange for a $ 20.00 bill. The transaction was videotaped and Defendant was subsequently identified as the man on the videotape. As a result, in November 1998, Defendant was convicted of distribution of cocaine in violation of La. R.S. 40:967(A), and sentenced to 20 years at hard labor in January 1999. His sentence was vacated after his adjudication as a third felony offender, and he was resentenced to life imprisonment as a multiple offender.
DISCUSSION
When Defendant was initially sentenced in October 1999 as a third felony offender, he was properly sentenced to life imprisonment under La. R.S. 15:529.1(A)(1)(b)(ii), as it existed in October 1996 when he committed the underlying crime of distribution of cocaine. However, after the 2001 amendments to La. R.S. 15:529.1, Defendant's underlying and predicate crimes no longer subjected him to a life sentence.[2]
In 2001, the Louisiana Legislature, through Act 403, amended the multiple offender laws to provide for more lenient penalty provisions; however, the amendments were given prospective application.
*366 In 2006, the Louisiana Legislature enacted La. R.S. 15:308, which provided that the more lenient penalty provisions enacted by Act 403 applied retroactively to those defendants who committed, were convicted of, or were sentenced for certain enumerated offenses prior to June 15, 2001, if such application ameliorated the defendant's circumstances. One of the enumerated offenses was La. R.S. 15:529.1(A)(1)(b)(ii) and (c)(ii) - which addressed enhanced life sentences for third and fourth felony offenders.
Under the 2001 amendments to La. R.S. 15:529.1, Defendant's underlying conviction for distribution of cocaine and his predicate convictions for theft over $ 500 and simple robbery subject him to the sentencing provisions of La. R.S. 15:529.1(A)(1)(b)(i), which - as it existed in both October 1996 and in 2001 - provides for a sentencing range of 20-60 years.[3] ,[4]
Recently, in Esteen , supra , the Louisiana Supreme Court explained that a defendant's remedy for obtaining the ameliorative provisions enacted by Act 403 and made retroactive for certain offenses in La. R.S. 15:308 was through a motion to correct illegal sentence filed in the district court. In the present case, Defendant filed a motion to correct his illegal sentence and was resentenced to 55 years as a third felony offender, which he now contends is unconstitutionally excessive.
The Eighth Amendment to the United States Constitution prohibits cruel and unusual punishment. Article I, § 20 of the Louisiana Constitution also prohibits cruel and unusual punishment, but further explicitly prohibits excessive punishment. A sentence is excessive "if it makes no measurable contribution to acceptable goals of punishment and is nothing more than the purposeless imposition of pain and suffering and is grossly out of proportion to the severity of the crime." State v. Davis , 449 So.2d 452, 453 (La. 1984). A sentence is grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. State v. Lawson , 04-334 (La. App. 5 Cir. 9/28/04), 885 So.2d 618, 622.
The "deliberate inclusion by the redactors of the [Louisiana] Constitution of a prohibition against 'excessive' as well as cruel and unusual punishment broadened the duty of [courts] to review the sentencing aspects of criminal statutes."
*367 State v. Baxley , 94-2982 (La. 5/22/95), 656 So.2d 973, 977. This constitutional protection against excessive sentence allows courts to review a sentence within the statutorily prescribed range to determine whether the sentence of the particular offender is excessive. Id.
A trial judge is given wide discretion in the imposition of sentences within statutory sentencing ranges. State v. Dorsey , 07-67 (La. App. 5 Cir. 5/29/07), 960 So.2d 1127, 1130. However, a sentencing judge does not possess unbridled discretion to impose a sentence within statutory limits. State v. Sepulvado , 367 So.2d 762, 769-70 (La. 1979). "In providing a wide range of criminal sanctions for violations of a statute, the legislature obviously intends that the judge shall exercise his sentencing discretion to impose sentences gradated according to the individualized circumstances of the offense and the offender." Id. at 766. The "interactivity between the range of permissible statutory criminal sanctions and the individualized facts of each case creates a sliding, fact-variant spectrum for a trial judge's discretion under each criminal statute for each particular criminal defendant." State v. Hamdalla , 12-1413 (La. App. 4 Cir. 10/2/13), 126 So.3d 619, 627, writ denied , 13-2587 (La. 4/25/14), 138 So.3d 642.
A reviewing court should not set aside a sentence imposed by a trial court absent an abuse of discretion. Dorsey , supra . In reviewing a trial court's sentencing discretion, three factors are considered: (1) the nature of the crime; (2) the nature and background of the offender; and (3) the sentence imposed for similar crimes by the same court and other courts. State v. Pearson , 07-332 (La. App. 5 Cir. 12/27/07), 975 So.2d 646, 656. The relevant question on appellate review is not whether another sentence might have been more appropriate, but rather whether the trial court abused its sentencing discretion. Id. Part of the abuse of discretion inquiry requires a court to consider the crime and the punishment given in light of the crime's harm to society and gauge whether the penalty is so disproportionate as to shock the sense of justice. State v. Aguliar-Benitez , 17-361 (La. App. 5 Cir. 12/10/18), 260 So.3d 1247, 1262. The appellate court shall not set aside a sentence for excessiveness if the record supports the sentence imposed. Pearson , supra .
After applying these three factors, we find that the record does not support the sentence imposed, and that the near maximum 55-year sentence is unconstitutionally excessive in this case. Considering the first factor, the nature of the crime, we note that Defendant sold $ 20 worth of crack cocaine to an undercover officer who pulled his vehicle up to Defendant and inquired about purchasing the drug. The minimal drug sale suggests Defendant was a low level street drug pusher as opposed to a major drug dealer.
Regarding the second factor, the nature and background of the offender, Defendant has a prior conviction for theft over $ 500 and a prior conviction for simple robbery. We first recognize that simple robbery is serious and is a crime of violence, and we acknowledge that the habitual offender law is intended as punishment not only for the current conviction but also for all prior convictions as well. See State v. Johnson , 97-1906 (La. 3/4/98), 709 So.2d 672, 677. Second, we note that legislative changes to the theft statute since Defendant's 1994 conviction has increased the threshold for felony theft to $ 1,000. The record shows that Defendant stole a telephone booth valued at $ 700, which would now be a misdemeanor. See La. R.S. 14:67(B)(4). We are cognizant of the well-established law that the status of the offense is determined at the time of conviction.
*368 State v. Sawyer , 350 So.2d 611, 615 (La. 1977). However, as noted by the Louisiana Supreme Court in State v. Clark , 391 So.2d 1174, 1176 (La. 1980) :
..."an assessment of contemporary values concerning the infliction of a challenged sanction is relevant to the application" of the Eighth Amendment's ban against cruel and unusual punishment. It is no less relevant to the inquiry of whether a particular penalty is excessive. And it has been acknowledged that legislative enactments provide an important means of ascertaining contemporary values. Inherent in mitigatory changes in penalty provisions of an offense is a legislative determination that the present law is inappropriate ... and that the lesser penalty is sufficient to meet the legitimate ends of the criminal law. [Internal citations omitted.]
Thus, consideration may be given to legislative changes in the penalty for the applicable offenses.
As to the third factor, sentences imposed for similar crimes in this and other courts, the jurisprudence fails to reveal the imposition of a near maximum sentence under similar circumstances. Rather, the jurisprudence shows that sentences imposed for third felony offenders convicted of distribution of cocaine facing a sentencing range of 20-60, range from 20 to 45 years. See State v. Thurman , 46,391 (La. App. 2 Cir. 6/22/11), 71 So.3d 468, 472-73, writ denied , 11-1868 (La. 2/3/12), 79 So.3d 1025 (where the defendant received a 45-year enhanced sentence as a third felony offender for each of his six convictions of distribution of cocaine with prior convictions for possession of cocaine (three separate convictions) and attempted possession of a firearm by a convicted felon); State v. Tomlinson , 06-892 (La. App. 5 Cir. 3/27/07), 957 So.2d 196, 198-99, writ denied , 07-1068 (La. 11/21/07), 967 So.2d 1154 (where the defendant received a 25-year enhanced sentence as a third felony offender for distribution of cocaine with prior convictions for breaking and entering in North Carolina and publishing a forged check with the intent to defraud in Florida); State v. Lott , 02-702 (La. App. 5 Cir. 12/30/02), 836 So.2d 584, 587-89, writ denied , 03-499 (La. 10/17/03), 855 So.2d 755 (where the defendant received a 25-year enhanced sentence as a third felony offender for distribution of cocaine with prior convictions for possession of cocaine and possession of stolen property); State v. Turner , 18-326 (La. App. 4 Cir. 11/28/18), 259 So.3d 1089, 1095-96 (where the defendant received a 25-year sentence as a third felony offender for distribution of cocaine with six prior convictions including second degree battery (a crime of violence) and numerous drug offenses; and State v. Bentley , 02-1564 (La. App. 4 Cir. 3/12/03), 844 So.2d 149, 156, writ denied , 03-1156 (La. 11/14/03), 858 So.2d 416 (where the defendant received a 20-year enhanced sentence as a third felony offender for distribution of $ 20 worth of cocaine with two prior convictions for possession of cocaine).
Considering these three factors, we find that the record does not support the near maximum sentence imposed. We emphasize that a criminal sentence must have some relationship to the crime for which the defendant has been convicted. Solem v. Helm , 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983). While we are cognizant of the destructive impact of controlled dangerous substances on society, a sentence must be particularized to the offender and the offense. See State v. Riley , 587 So.2d 130 (La. App. 2d Cir. 1991) (where the court found the sentencing judge's concern over the severe social problems involving narcotics improperly *369 outweighed his consideration of the individual offense and offender).
After review, we find that Defendant's near maximum 55-year enhanced sentence is disproportionate to the harm done and shocks one's sense of justice. Accordingly, we find Defendant's 55-year enhanced sentence as a third felony offender to be unconstitutionally excessive in this case and that the district court abused its discretion in imposing said sentence. Pursuant to La. C.Cr.P. art. 881.4(A), this Court may provide direction regarding a constitutionally reasonable sentence in a given case. Considering the factual circumstances of this case, we suggest an enhanced sentence of 30 years would adequately punish Defendant and fulfill the purpose of the habitual offender law.
We have reviewed the record for errors patent in accordance with La. C.Cr.P. art. 920 and have found no errors that require corrective action.
DECREE
For the foregoing reasons, we vacate Defendant's 55-year enhanced sentence as a third felony offender and remand the matter for resentencing.
ENHANCED SENTENCE VACATED; REMANDED FOR RESENTENCING

Defendant also challenges his adjudication as a third felony offender. However, we find that this issue is not properly before us in this appeal. Defendant's conviction was affirmed by this Court in Defendant's first appeal, of which his multiple offender adjudication was a part. Arceneaux , supra . As such, this second appeal is limited solely to his resentencing. (See State v. Wise , 14-378 (La. App. 5 Cir. 10/15/14), 182 So.3d 63, 75, writ denied , 14-2406 (La. 9/18/15), 178 So.3d 143, where the defendant attempted to challenge his multiple offender adjudication in a second appeal after being resentenced. This Court noted that the defendant's conviction had been affirmed on appeal and, therefore, he could only appeal his resentencing, explaining that "issues not raised in defendant's original appeal, which could have been raised, are considered waived and are not within this Court's jurisdiction on appeal.")

Defendant's third felony was distribution of cocaine, which had a sentencing range of five to 30 years in October 1996. La. R.S. 40:967(B). The predicate felonies were theft over $ 500, which at the time of the offense had a sentencing range of not more than ten years (La. R.S. 14:67(B)(1) ), and simple robbery, which was a crime of violence and had a sentencing range of not more than seven years (La. R.S. 14:65(B) ). Although the third felony, distribution of cocaine, and the predicate felony of simple robbery, a crime of violence, fell under La. R.S. 15:529.1(A)(1)(b)(ii) as amended in 2001, the predicate felony of theft over $ 500 did not.

Under La. R.S. 15:529.1(A)(1)(b)(i), a third felony offender shall be sentenced to "a determinate term not less than two-thirds of the longest possible sentence for the conviction and not more than twice the longest possible sentence prescribed for a first conviction," provided the third felony is punishable by less than life imprisonment. As stated in footnote two, the sentencing range for distribution of cocaine in 1996 was five to 30 years. La. R.S. 40:967(B).

We find no merit in Defendant's argument that the more recent 2017 amendments to La. R.S. 15:529.1 apply to his case. Under the 2017 amendments, effective November 1, 2017, Defendant would face a sentencing range of 15-60 years as a third felony offender, as opposed to 20-60 years under the 2001 version of the statute. See La. R.S. 15:529.1(A)(3)(a). The 2017 amendments made it clear that they were to have prospective application only - to those offenders whose convictions became final on or after November 1, 2017. In 2018, the legislature clarified that "notwithstanding any provision of law to the contrary, the court shall apply the provisions of this Section that were in effect on the date that the defendant's instant offense was committed." La. R.S. 15:529.1(K). Here, Defendant's conviction became final in 2000 after it was affirmed by this Court on appeal and no further review was sought. Although the underlying offense was committed in 1996, it is clear that under La. R.S. 15:308, the 2001 version of La. R.S. 15:529.1 applies to Defendant.