STATE OF LOUISIANA

VERSUS

ANTHONY O. STOKES

NO. 19-KA-128

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA


ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 97-3678, DIVISION "I"
HONORABLE NANCY A. MILLER, JUDGE PRESIDING


September 04, 2019


**MARC E. JOHNSON**
**JUDGE**


Panel composed of Judges Marc E. Johnson,
John J. Molaison, Jr., and Robert M. Murphy, Ad Hoc


**HABITUAL OFFENDER SENTENCE VACATED;**
**REMANDED FOR RESENTENCING**
    **MEJ**
    **JJM**
    **RMM**

COUNSEL FOR PLAINTIFF/APPELLEE,
STATE OF LOUISIANA
    Paul D. Connick, Jr.
    Terry M. Boudreaux
    Darren A. Allemand

COUNSEL FOR DEFENDANT/APPELLANT,
ANTHONY O. STOKES
    Bruce G. Whittaker

**JOHNSON, J.**

Defendant, Anthony O. Stokes, appeals his habitual offender sentence from the 24th Judicial District Court, Division "I". For the following reasons, we vacate the habitual offender sentence and remand the matter with instructions.

## FACTS AND PROCEDURAL HISTORY[1]

On May 27, 1997, the Jefferson Parish District Attorney filed a bill of information charging Defendant with possession with intent to distribute cocaine in violation of La. R.S. 40:967(A). After a trial by jury on August 15, 1997, Defendant was found guilty as charged. *See State v. Stokes*, 99-1287 (La. App. 5 Cir. 4/13/00); 759 So.2d 980, *writ denied*, 00-1219 (La. 2/16/01); 802 So.2d 607. On August 20, 1997, the State filed a habitual offender bill of information, alleging Defendant was a fourth-felony offender.[2] On August 21, 1997, the trial judge sentenced Defendant to serve seven years at hard labor. *Id*. Defendant denied the allegations in the habitual bill of information, and a habitual offender hearing was held on October 6, 1997. *Stokes*, 759 So.2d at 982. At the conclusion of the hearing, the trial judge found Defendant to be a fourth-felony offender and imposed a sentence of life imprisonment. Defendant's first appeal ensued. *Id*.

On first appeal, this Court affirmed Defendant's conviction and underlying sentence but vacated his enhanced sentence as a fourth-felony offender and remanded the matter for the trial court to resentence him as a third-felony

---

[1] This is Defendant's third appeal. For a full recitation of the underlying facts of this case, please see *State v. Stokes*, 99-1287 (La. App. 5 Cir. 4/13/00); 759 So.2d 980, *writ denied*, 00-1219 (La. 2/16/01); 802 So.2d 607.

[2] The predicates for the habitual offender bill were as follows: 1) on February 13, 1985, Defendant pleaded guilty in district court case number 84-2228 to attempted simple burglary, a violation of La. R.S. 14:27 and La. R.S. 14:62, in Division "N" of the 24th Judicial District Court; 2) on November 16, 1992, Defendant pleaded guilty in district court case number 92-4000 to simple burglary, a violation of La. R.S. 14:62, in Division "H" of the 24th Judicial District Court; and 3) on January 28, 1994, Defendant pleaded guilty in district court case number 93-4370 to simple burglary of an inhabited dwelling, a violation of La. R.S. 14:62.2, in Division "A" of the 24th Judicial District Court.

19-KA-128                                              1

offender.[3] *See Stokes*, 759 So.2d at 988. On error patent review, this Court found, among other errors, that the second and third predicate offenses in the habitual offender proceeding were out of sequence.[4] *Id*. at 987. This Court stated:

> In the instant case, the bill of information in the second predicate offense, 92-4000, charges defendant with committing simple burglary on July 18, 1992. The commitment and waiver of rights form reflect that defendant pled guilty to that offense on November 16, 1992. According to the bill of information for the third predicate offense, 93-4370, defendant committed simple burglary of an inhabited dwelling on March 24, 1992, and pled guilty to that offense on January 28, 1994. Therefore, defendant had not been through the required sequencing because the commission of the third offense (March 24, 1992), occurred before the conviction for the second predicate offense (November 16, 1992). As a result, defendant should not have been found to be and sentenced as a fourth felony offender. In such cases, the remedy is to vacate the enhanced sentence and to remand the matter for the trial court to correct the problem by re-sentencing the defendant as a third felony offender. See *State ex rel. Mims v. Butler*, 601 So.2d at 655.

*Stokes*, 759 So.2d at 987-88.

> This Court further stated in a footnote:

> Proof of the discharge dates of these predicate offenses was not necessary in this case because less than the ten-year cleansing period had elapsed between defendant's conviction on each predicate felony and the commission of each subsequent predicate felony. This is true regardless of whether the felony in 92-4000 or 93-4370 is used to find defendant a third felony offender.

*Id*. at 988 n.3.

We concluded that "[b]ecause of the sequencing problem with the offenses in case number 93-4370 and 92-4000, defendant is subject to sentencing as a third

---

[3] Defendant argued that his trial counsel was ineffective for failing to object to the qualifications of a State's expert and to the lack of proof presented at the habitual offender proceeding. He also argued the State failed to prove by competent evidence that he was a habitual offender. *Id*. at 985-86.

[4] At that time, the Louisiana Supreme Court held in *State ex rel Mims v. Butler*, 601 So.2d 649 (La. 1992), that La. R.S. 15:529.1 contained a sequential requirement for enhanced penalties in the sentencing of habitual offenders. According to the *Mims* court, "[t]he cornerstone of that scheme is that felons graduate to second offender status, not by committing multiple crimes, but by committing a crime or crimes after having been *convicted*." *Id*. at 650 (emphasis as found in the original). The Louisiana Supreme Court expressly overruled *Mims* in *State v. Johnson*, 03-2993 (La. 10/19/04); 884 So.2d 568, holding that multiple convictions obtained on the same date based on unrelated conduct can be counted separately for sentence enhancement purposes. This Court additionally found on error patent review that the trial court had failed to vacate Defendant's original sentence upon imposition of his enhanced sentence, rendering his enhanced sentence null and void and requiring a remand for the trial court to vacate the original sentence. This Court also found that Defendant's enhanced sentence was illegally lenient as it was not imposed without the required restriction of benefits. *Stokes*, 759 So.2d at 988.

felony offender only." *Id*. at 988. Defendant thereafter sought a writ with the Louisiana Supreme Court, which was denied. *State v. Stokes*, 00-1219 (La. 2/16/01); 802 So.2d 607.

On remand, the trial judge for the resentencing, who was not the same judge who presided over Defendant's trial and habitual offender adjudication, vacated the original sentence, stating: "I am also going to find the defendant a third felony offender rather than a fourth felony offender, because there was not an arrest conviction, arrest conviction on the third conviction. So, that one will be no longer in effect, but the fourth conviction will become a third conviction."[5] She then resentenced Defendant to life imprisonment without benefits since "the distribution of cocaine is one in which under 15:529.1, it requires that a life sentence be imposed." On second appeal in 2001, this Court affirmed Defendant's enhanced sentence of life imprisonment without benefit of parole, probation, or suspension of sentence as a third-felony offender imposed after his resentencing.[6]

In the years that followed, Defendant sought post-conviction relief and filed motions to correct an illegal sentence and for downward departure, all of which were denied. *See also State ex rel. v. Stokes*, 05-667 (La. App. 5 Cir. 6/29/05) (unpublished writ disposition), *writ denied*, 05-2193 (La. 6/16/06); 929 So.2d 1274; and *State ex rel. v. Stokes*, 17-277 (La. App. 5 Cir. 6/14/17) (unpublished writ disposition), *writ denied*, 17-1282 (La. 11/5/18); 255 So.3d 1051.

On February 14, 2018, Defendant filed a *pro se* Motion to Vacate Habitual Offender Adjudication, arguing that due to the 2001 amendments to the Habitual Offender Law, he no longer qualified under La. R.S. 15:529.1(A)(1)(b)(ii),

---

[5] While the resentencing transcript is not abundantly clear, the trial judge vacated Defendant's third predicate conviction for simple burglary of an inhabited dwelling and sentenced him to life imprisonment as a third-felony offender based upon his first and second predicates (the 1985 conviction for attempted simple burglary and the 1992 conviction for simple burglary). The third predicate was also proper in light of the sequencing error discussed by this Court in Defendant's first appeal.

[6] Defendant argued that his life sentence as a third-felony offender was unconstitutionally excessive.

mandating a life sentence for a third-felony offender, but rather, he now fell under the more lenient provisions. He argued that the maximum sentence he could receive was 60 years of imprisonment.

After the trial court denied relief, this Court considered Defendant's argument. In *State v. Stokes*, 18-151 (La. 5/8/18) (unpublished writ disposition), this Court wrote:

**WRIT DENIED**

Relator, Anthony Stokes, seeks review of the trial court's February 22, 2018 denial of his "Motion to Vacate Habitual Offender Adjudication." In his motion, Relator argued his third felony offender adjudication of life imprisonment without the eligibility of parole, probation, or suspension of sentence should be vacated because 1) the underlying offenses were not crimes of violence or sex offenses; 2) the current provisions of the habitual offender law do not permit a sentence of life imprisonment at hard labor without the benefit of parole, probation, or suspension of sentence; and 3) he should have been adjudicated only as a second felony offender, instead of a third felony offender, because his attempted simple burglary was considered in error. The trial court noted that Relator's adjudication was reviewed on appeal and denied Relator's motion on the basis that it found no error or legal basis to set aside the habitual offender adjudication.

After review, we find the trial court did not err in its ruling. First, Relator's adjudication and enhanced sentence have been fully litigated, and Relator's claim that the attempted simple burglary conviction was considered in error is a repetitive claim. See, La. C.Cr.P. 930.4(A); *State v. Stokes*, 99-1287 (La. App. 5 Cir. 4/12/00); 759 So.2d 980, *writ denied*, 00-1219 (La. 2/16/01); 802 So.2d 607; *State v. Stokes*, 00-1904 (La. App. 5 Cir. 4/24/0l)(unpublished writ disposition); and *State v. Stokes*, 05-667 (La. App. 5 Cir. 7/1/05)(unpublished writ disposition). Additionally, the habitual offender law in effect at the time of the offense provided for life imprisonment without benefit of parole, probation, or suspension of sentence for third felony offenses.

Accordingly, on the showing made, the writ application is denied.

Defendant sought a writ with the Louisiana Supreme Court, which was granted on November 5, 2018. In *State v. Stokes*, 18-0846 (La. 11/5/18); 255 So.3d 1048, the Louisiana Supreme Court vacated Defendant's sentence and remanded the matter to the trial court for resentencing pursuant to *State ex rel. Esteen v. State*, 16-0949 (La. 1/30/18); 239 So.3d 233.

Following remand, the trial court resentenced Defendant on February 11, 2019, as follows:

THE COURT:

> Mr. Stokes, your case was sent back to us from the Supreme Court
> with instructions to re-sentence you pursuant to Esteen. There were a
> number of things that were—the law changed after you were
> sentenced which would make you no longer triple life eligible and the
> sentence for your underlying charge as well.
> Based upon consideration of the new multiple bill sentencing range
> and the new sentencing range for your conviction – your underlying
> conviction – the Court would now sentence you to sixty years at hard
> labor in the Department of Corrections with credit for time served
> from the date of your arrest in this case and this case only.

Defense counsel objected to the sentence on the basis that it was excessive. A written motion for appeal was filed on February 11, 2019 and was granted on February 22, 2019.

## ASSIGNMENT OF ERROR

On appeal, Defendant solely alleges the trial court imposed an unconstitutionally excessive sentence.

## LAW AND ANALYSIS

Defendant challenges his 60-year sentence as a third-felony offender imposed after resentencing in accordance with *Esteen*, *supra*. He argues that his sentence is constitutionally excessive and unsupported by the record. He maintains that he is a "late middle-aged offender," and a 60-year sentence is grossly out of proportion to the seriousness of the offense and is nothing more than a purposeless and needless infliction of pain and suffering. He argues that the resentencing judge, who was not the original trial judge in this matter, imposed the maximum sentence without any consideration of La. C.Cr.P. art. 894.1 or articulation of reasons to justify the imposition of the sentence. Defendant argues that the trial judge failed to consider the facts surrounding his underlying conviction and

predicates and failed to consider the intent of the original sentencing judge, who indicated that he had "no option" but to impose a sentence of life imprisonment.

The failure to file a motion to reconsider sentence, or to state the specific grounds upon which the motion is based, limits a defendant to a review of the sentence for constitutional excessiveness only. *State v. Taylor*, 18-126 (La. App. 5 Cir. 10/17/18); 258 So.3d 217, 224. Here, trial counsel objected to the sentence as excessive but did not state any specific grounds for the objection. No motion to reconsider Defendant's sentence was filed. Therefore, we are constrained to limit our review to Defendant's sentence for constitutional excessiveness only.

The Eighth Amendment to the United States Constitution and Article I, § 20 of the Louisiana Constitution prohibit the imposition of excessive punishment. Although a sentence is within statutory limits, it can be reviewed for constitutional excessiveness. *State v. Mathis*, 18-678 (La. App. 5 Cir. 4/3/19); 268 So.3d 1160, 1165 *State v. Smith*, 01-2574 (La. 1/14/03); 839 So.2d 1, 4. A sentence is considered excessive if it is grossly disproportionate to the offense or imposes needless and purposeless pain and suffering. *Id*. A sentence is grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. *State v. Lawson*, 04-334 (La. App. 5 Cir. 9/28/04); 885 So.2d 618, 622.

The "deliberate inclusion by the redactors of the [Louisiana] Constitution of a prohibition against 'excessive' as well as cruel and unusual punishment broadened the duty of [courts] to review the sentencing aspects of criminal statutes." *State v. Baxley*, 94-2982 (La. 5/22/95); 656 So.2d 973, 977. This constitutional protection against excessive sentence allows courts to review a sentence within the statutorily prescribed range to determine whether the sentence of the particular offender is excessive. *Id.*

The appellate court shall not set aside a sentence for excessiveness if the

record supports the sentence imposed. *State v. Pearson*, 07-332 (La. App. 5 Cir. 12/27/07); 975 So.2d 646, 656. In reviewing a trial court's sentencing discretion, three factors are considered: 1) the nature of the crime; 2) the nature and background of the offender; and 3) the sentence imposed for similar crimes by the same court and other courts. *Id*. at 656. The relevant question on appellate review is not whether another sentence might have been more appropriate but rather whether the trial court abused its sentencing discretion. *Id*. Part of the abuse of discretion inquiry requires a court to consider the crime and the punishment given in light of the crime's harm to society and gauge whether the penalty is so disproportionate as to shock the sense of justice. *State v. Aguliar-Benitez*, 17-361 (La. App. 5 Cir. 12/10/18); 260 So.3d 1247, 1262, *writ denied*, 19-147 (La. 6/3/19); 272 So.3d 543. Generally, maximum sentences are reserved for cases involving the most serious violations of the offense charged and the worst type of offender. *State v. Badeaux*, 01-406 (La. App. 5 Cir. 9/25/01); 798 So.2d 234, 239, *writ denied*, 01-2965 (La. 10/14/02); 827 So.2d 414.

Recently, in *Esteen*, *supra*, the Louisiana Supreme Court explained that a defendant's remedy for obtaining the ameliorative provisions enacted by Act 403 and made retroactive for certain offenses in La. R.S. 15:308 was through a motion to correct illegal sentence filed in the district court. In compliance with the directive issued by the Louisiana Supreme Court, the trial court resentenced Defendant under *Esteen* and imposed a sentence of 60 years imprisonment.

In the instant case, Defendant was convicted of one count of possession with intent to distribute cocaine in violation of La. R.S. 40:967(A), committed on May 16, 1997.[7] Thereafter, Defendant was found to be a third-felony offender and was

---

[7] At the time of the offense in May 1997, possession with intent to distribute cocaine had a sentencing range of "at hard labor for not less than five years nor more than thirty years, with the first five years of said sentence being without benefit of parole, probation, or suspension of sentence." La. R.S. 40:967(B).

properly sentenced to life imprisonment under La. R.S. 15:529.1(A)(1)(b)(ii)[8] as it existed in May 1997 at the time he committed the underlying offense.

In 2001, the Louisiana Legislature through Act 403 amended the habitual offender laws to provide for more lenient penalty provisions; however, the amendments were given prospective application. In 2006, the Louisiana Legislature enacted La. R.S. 15:308, which provided that the more lenient penalty provisions enacted by Act 403 applied retroactively to those defendants who committed, were convicted of, or were sentenced for certain enumerated offenses prior to June 15, 2001, if such application ameliorated the defendant's circumstances. One such statute amended was La. R.S. 15:529.1(A)(1)(b)(ii) which addressed enhanced life sentences for third-felony offenders.[9] Further, Defendant committed the instant offense in May 1997, thus the more lenient penalty provisions apply retroactively to him.

After the 2001 amendments, Defendant's underlying and predicate convictions no longer subjected him to a life sentence.[10] Under the amendments,

---

[8] At that time, La. R.S. 15:529.1(A)(1)(b)(ii) provided in pertinent part:
If the third felony or either of the two prior felonies is a felony defined as a crime of violence under R.S. 14:2(13) or as a violation of the Uniform Controlled Dangerous Substances Law punishable by imprisonment for more than five years or any other crime punishable by imprisonment for more than twelve years, the person shall be imprisoned for the remainder of his natural life, without benefit of parole, probation, or suspension of sentence.

[9] La. R.S. 15:529.1(A)(1)(b)(ii) was amended to provided:
If the third felony and the two prior felonies are felonies defined as a crime of violence under R.S. 14:2(13), a sex offense as defined in R.S. 15:540 et seq. when the victim is under the age of eighteen at the time of commission of the offense, or as a violation of the Uniform Controlled Dangerous Substances Law punishable by imprisonment for ten years or more or of any other crime punishable by imprisonment for twelve years or more, or any combination of such crimes, the person shall be imprisoned for the remainder of his natural life, without benefit of parole, probation, or suspension of sentence.

La. R.S. 15:529.1(A)(1)(b)(i) remained unchanged by the 2001 amendments, providing, as it did in May 1997:
(b) If the third felony is such that upon a first conviction, the offender would be punishable by imprisonment for any term less than his natural life then:
(i) The person shall be sentenced to imprisonment for a determinate term not less than two-thirds of the longest possible sentence for the conviction and not more than twice the longest possible sentences prescribed for a first conviction….

[10] As stated in footnote 8, possession with intent to distribute cocaine was punishable by imprisonment of ten years or more under the Uniform Controlled Dangerous Substances Law. Simple burglary is punishable by imprisonment for 12 years or more. *See* La. R.S. 14:62 ("Whoever commits the crime of simple burglary shall be fined not more than two thousand dollars, imprisoned with or without hard labor for not more than twelve years, or both." However, Defendant's predicate conviction of

Defendant's underlying conviction of possession with intent to distribute cocaine and his predicate convictions of attempted simple burglary and simple burglary subject him to the sentencing provisions of La. R.S. 15:529.1(A)(1)(b)(i), which—as it existed in both May 1997 and in 2001—provides for a sentencing range of 20 to 60 years. *See* La. R.S. 15:529.1(A)(1)(b)(i), *supra*.

After applying the three aforementioned factors, we find that the record does not support the sentence imposed and the 60-year sentence is unconstitutionally excessive in this case, as it shocks our sense of justice. Considering the first factor, the nature of the crime, the facts indicate that Defendant possessed 50 rocks of crack cocaine[11] for distribution, and each rock was valued at ten dollars. Police did not observe Defendant engage in any narcotics transaction but only observed him discard the narcotics upon seeing them.

Regarding the nature and background of the offender, Defendant had prior convictions of attempted simple burglary and simple burglary, as well as his underlying conviction of possession with intent to distribute cocaine. None of Defendant's predicates are crimes of violence, and Defendant's underlying conviction of possession with intent to distribute cocaine is his only drug offense.

Further, it is noted that La. R.S. 40:967(B) was amended by Acts 2017, No. 281, § 2, effective August 1, 2017, to change the penalty provisions for offenses related to Schedule II drugs. Under the amendment, the penalty for possession with intent to distribute cocaine is dependent on the aggregate weight of the cocaine involved. Under the current version of La. R.S. 40:967(B)(1)(a), Defendant would have received a sentence of imprisonment, with or without hard labor, for not less than one nor more than ten years for possessing the amount of 6.5 grams. It is well-settled that in most instances, the penalty of the offense is

---

attempted simple burglary did not fall under La. R.S. 15:529.1(A)(1)(b)(ii), as it was not punishable by imprisonment for 12 years or more.

[11] The total gross weight was 6.5 grams.

determined as of the date of the offense. *State v. Sugasti*, 01-3407 (La. 6/21/02); 820 So.2d 518, 522. Nonetheless, in *State v. Arceneaux*, 18-642 (La. App. 5 Cir. 4/24/19); 271 So.3d 362, this Court stated that consideration may be given to legislative changes in the penalty for applicable offenses.

As to the third factor, sentences imposed for similar crimes in this and other courts, we find that the jurisprudence fails to reveal the imposition of a near maximum sentence under similar circumstances. Rather, the jurisprudence shows that sentences imposed for third-felony habitual offenders convicted of violations of La. R.S. 40:967(A) and facing a sentencing range of 20 to 60 years actually receive a sentencing range from 20 to 45 years.

In *State v. Evans*, 09-477 (La. App. 5 Cir. 12/29/09); 30 So.3d 958, *writ denied*, 10-363 (La. 3/25/11); 61 So.3d 653, this Court upheld a 45-year enhanced sentence where the defendant was found to be a third-felony habitual offender upon his possession with intent to distribute cocaine conviction. The defendant's prior convictions included armed robbery as a juvenile and possession of cocaine.

Recently, in *Arceneaux*, *supra*, this Court held that the defendant's 55-year enhanced sentence as a third-felony offender, imposed after resentencing pursuant to *Esteen*, *supra*, was unconstitutionally excessive. The defendant had an underlying conviction of distribution of cocaine, also a violation of La. R.S. 40:967(A), with predicate convictions of theft over $500, now a misdemeanor rather than a felony, and simple robbery, a crime of violence. This Court noted that the defendant sold $20 worth of crack cocaine to an undercover police officer, and the amount indicated that the defendant was a low level street drug pusher rather than a major drug dealer. This Court vacated the enhanced sentence and remanded the matter for resentencing. *See also State v. Tomlinson*, 06-892 (La. App. 5 Cir. 3/27/07); 957 So.2d 196, 198-99, *writ denied*, 07-1068 (La. 11/21/07); 967 So.2d 1154 (where the defendant received a 25-year enhanced sentence as a

third-felony offender for distribution of cocaine with prior convictions for breaking and entering in North Carolina and publishing a forged check with the intent to defraud in Florida); *State v. Lott*, 02-702 (La. App. 5 Cir. 12/30/02); 836 So.2d 584, 587-89, *writ denied*, 03-499 (La. 10/17/03); 855 So.2d 755 (where the defendant received a 25-year enhanced sentence as a third-felony offender for distribution of cocaine with prior convictions for possession of cocaine and possession of stolen property); *State v. Turner*, 18-326 (La. App. 4 Cir. 11/28/18); 259 So.3d 1089, 1095-96 (where the defendant received a 25-year sentence as a third-felony offender for distribution of cocaine with six prior convictions including second degree battery (a crime of violence) and numerous drug offenses); *State v. Williams*, 16-140 (La. App. 3 Cir. 9/28/18); 201 So.3d 379, 394 (where the defendant received a 20-year enhanced sentence as a third-felony offender for his conviction of possession with intent to distribute cocaine); *State v. Denson*, 11-0517 (La. App. 4 Cir. 1/25/12); 83 So.3d 1183, 1190-91, *writ denied*, 12-0391 (La. 6/22/12); 91 So.3d 967 (where the defendant received a 20-year enhanced sentence as a third-felony offender with predicate convictions of possession of cocaine, second-offender marijuana possession, and possession of heroin); and *State v. Bentley*, 02-1564 (La. App. 4 Cir. 3/12/03); 844 So.2d 149, 156, *writ denied*, 03-1156 (La. 11/14/03); 858 So.2d 416 (where the defendant received the minimum 20-year enhanced sentence as a third-felony offender for his conviction of distribution of two rocks of cocaine with two prior convictions for possession of cocaine).

Therefore, we find that Defendant's 60-year enhanced sentence imposed after resentencing pursuant to *Esteen* was unconstitutionally excessive and an abuse of the trial court's sentencing discretion, as it is grossly out of proportion to the seriousness of the offense and is nothing more than a purposeless and needless infliction of pain and suffering. Accordingly, we vacate Defendant's enhanced

sentence and remand the matter for resentencing.  Pursuant to La. C.Cr.P. art. 881.4(A), this Court may provide direction regarding a constitutionally reasonable sentence in a given case.  Considering the factual circumstances of this case, we suggest an enhanced sentence between the sentencing range of 20-25 years.[12]

## DECREE

For the foregoing reasons, we find Defendant's habitual offender sentence to be unconstitutionally excessive, vacate Defendant's habitual offender sentence, and remand the matter to the trial court for resentencing consistent with this opinion.

### HABITUAL OFFENDER SENTENCE VACATED; REMANDED FOR RESENTENCING

---

[12] While we acknowledge the enhanced sentence in *Evans*, *supra*, that case is an outlier in the sentencing range and more of the jurisprudence trend toward the 20-25 year sentencing range. Considering the facts of this case, we suggest the lower range for resentencing.

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

MARY E. LEGNON
INTERIM CLERK OF COURT

CHIEF DEPUTY CLERK

SUSAN BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



**FIFTH CIRCUIT**

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **SEPTEMBER 4, 2019** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

_____
**MARY E. LEGNON**
INTERIM CLERK OF COURT

## 19-KA-128

**E-NOTIFIED**

24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE NANCY A. MILLER (DISTRICT JUDGE)
TERRY M. BOUDREAUX (APPELLEE)      THOMAS J. BUTLER (APPELLEE)      DARREN A. ALLEMAND (APPELLEE)

**MAILED**

BRUCE G. WHITTAKER (APPELLANT)
ATTORNEY AT LAW
LOUISIANA APPELLATE PROJECT
1215 PRYTANIA STREET
SUITE 332
NEW ORLEANS, LA 70130

HON. PAUL D. CONNICK, JR. (APPELLEE)
DISTRICT ATTORNEY
TWENTY-FOURTH JUDICIAL DISTRICT
200 DERBIGNY STREET
GRETNA, LA 70053